# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DANTE and CAROLYN ACOSTA, Individually, and as Successors in Interest of RUDY ACOSTA, Deceased; CHRIS HEMWALL; PATRICK SHELLEY; and ZACKARY HOMBEL,<br><br>Plaintiffs,<br><br>v.<br><br>TUNDRA STRATEGIES, INC., TUNDRA GROUP, DOES 1 through 10,<br><br>Defendants. | Case No.:  CV-12-5903 (CBM) (SHX)<br><br>**INTERIM PROTECTIVE ORDER** |

**[PROPOSED] INTERIM PROTECTIVE ORDER**

In order to preserve and maintain the confidentiality of certain documents to be produced by Defendants Tundra Strategies, Inc. and Tundra Group ("DEFENDANT") in this action, it is ordered that:

1. Documents to be produced by DEFENDANT to Plaintiff during discovery in this litigation that contain confidential trade secret information shall hereafter be referred to as "Protected Documents." When used in this Protective Order, the word "documents" means all written material, videotapes and all other tangible items. Except as otherwise indicated below, documents designated by DEFENDANT "Subject to Protective Order" that are produced or delivered by DEFENDANT to Plaintiff and/or her attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below.

DEFENDANT will designate by bate-stamp number at time of production all materials "Subject to Protective Order" and shall not designate any other material "Subject to Protective Order."

2. Prior to designating any material as subject to this Protective Order, DEFENDANT must make a bona fide determination that the material is a trade secret that is subject to protection under the laws of the State of California and/or Federal law, whichever may be applicable. If Plaintiff disagrees with the designation by DEFENDANT of any document as being subject to this Protective Order, Plaintiff will so notify DEFENDANT in writing. DEFENDANT will, within ten days of receipt of such notice, apply to the Court to set a hearing for the purpose of determining whether the disputed documents are entitled to protection in accordance with the applicable Rules of Civil Procedure. Plaintiff shall consider any disputed documents subject to this Protective Order until the Court rules.

3. Both the protected documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of DEFENDANT or upon further Order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a) Plaintiff's counsel of record in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(b) Employees of Plaintiff's counsel or of associated counsel, who assist in the preparation or trial of this case;

(c) Experts and consultants retained by Plaintiff for the preparation or trial of this case provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of DEFENDANT;

(d) The Court, the Court's staff, witnesses, and the jury in this case;

(e) Other Courts and other Court's staffs with the provision that the material may only be submitted for in camera inspection unless otherwise agreed to in writing by Plaintiff;

(f) Attorneys representing a plaintiff, and the experts and consultants retained by a plaintiff, in other cases against DEFENDANT involving claims of negligence by DEFENDANT; and

(g) A third party who is not employed by a competitor but who will arrange for copying and dissemination of the documents pursuant to this Protective Order (i.e. a copy service).

4. Before giving access to any of the Protected Documents or the information contained therein, each person described in paragraphs 3(c), 3(e), 3(f), and 3 (g) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing, by signing a copy of this Protective Order, to be bound by its terms and to submit to the jurisdiction of this Court.

5. To the extent that Protected Documents or information contained therein is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order.

6. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

7. Protected Documents produced pursuant to this Protective Order are deemed authentic under the Federal Rules of Evidence, and no further proof of authentication as to such documents shall be required.

8. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

//

1         If any of the foregoing violates the Federal Rules of Civil Procedure, the Federal Rules of

2    Civil Procedure controls and such provision will not be enforced.

3

4    Signed this  31st day of January 2013

5

6

7

8                   Stephen J. Hillman

9                   United States Magistrate Judge

10                  Central District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **UNITED STATES DISTRICT COURT**

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DANTE and CAROLYN ACOSTA, Individually, and as Successors in Interest of RUDY ACOSTA, Deceased; CHRIS HEMWALL; PATRICK SHELLEY; and ZACKARY HOMBEL, | Case No.:  CV-12-5903 (CBM) (SHX) |
| Plaintiffs, | **INTERIM PROTECTIVE ORDER** |
| v. | |
| TUNDRA STRATEGIES, INC., TUNDRA GROUP, DOES 1 through 10, | |
| Defendants. | |

EXHIBIT "A"

I, _____, do hereby acknowledge that I have received and read a copy of the attached Protective Order, and I agree to be bound by the terms of such Order. I further agree to be subject to the jurisdiction of this Court including, but not limited to, its contempt powers.

DATED this          day of ,                    2012.



Relationship to this Lawsuit: